UNITED STATES DISTRICT COURT　　　　　　　ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GERARD CLARK,　　　　　　　　　　　　　　　MEMORANDUM AND ORDER

　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　　10-CV-1263 (JG)
　　-against-

MAYOR MICHAEL BLOOOMBERG,
HUD SECRETARY SHAUN DONOVAN,
HON. JAIME A. RIOS, ULYSSES LEVERETT,
SHARON ADAMS, COUNTRYWIDE HOME
LOANS INC., DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT OF
THE CITY OF NEW YORK, ANTHONY
THOMPSON, WENDY HAYNES, THELMA
HAYNES, JANE DOE, JOHN DOE, et al.,

　　　　　　Defendants.
-------------------------------------------------------------x

A P P E A R A N C E S:

　　　GERARD CLARK
　　　　　229-18 Merrick Blvd. #379
　　　　　Springfield, NY 11413
　　　　　Plaintiff, *pro se*

　　　MICHAEL A. CARDOZO
　　　　　Corporation Counsel of the City of New York
　　　　　100 Church Street
　　　　　New York, NY 10007
　　　By:　Teresita V. Magsino
　　　　　Attorney for City Defendants

　　　BENTON J. CAMPBELL
　　　　　United States Attorney
　　　　　Eastern District of New York
　　　　　271 Cadman Plaza East
　　　　　Brooklyn, NY 11201
　　　By:　Edward K. Newman
　　　　　Attorney for Defendant Shaun Donovan

ANDREW M. CUOMO
    Attorney General of the State of New York
    120 Broadway
    New York, NY 10271
By: Kathryn Leone
    Attorney for State Defendants

BERKMAN, HENOCH, PETERSON & PEDDY, P.C.
    100 Garden City Plaza
    Garden City, NY 11530
By: Gena Goldberger
    Attorneys for Defendant Countrywide Home Loans, Inc.

JOHN GLEESON, United States District Judge:

On March 19, 2010, Gerard Clark, acting *pro se*, filed this action and moved to proceed *in forma pauperis*. Clark also sought interim injunctive relief against the named defendants in this action. Later that day, I denied Clark's application for a temporary restraining order, but ordered the defendants to show cause why a preliminary injunction should not issue. Defendants submitted papers in opposition to the motion for injunctive relief, and I heard oral argument on March 24, 2010.

This order resolves Clark's motion to proceed *in forma pauperis* and explains the March 24, 2010 denial of his motion for a preliminary injunction. For the reasons stated orally on March 24, 2010 and explained further below, the motion to proceed *in forma pauperis* is granted, the motion for a preliminary injunction is denied, and all the claims except Clark's equal protection claim against one of the defendants are dismissed.

BACKGROUND

Clark owns a house in Queens. His complaint alleges injuries arising out of two sets of state-court proceedings concerning the house. First, the property is subject to foreclosure proceedings in the Supreme Court of the State of New York, Queens County, instituted by Countrywide Home Loans, Inc. ("Countrywide"). That action is currently stayed because Clark has filed for bankruptcy protection. The presiding judge in the foreclosure action scheduled an appearance for March 25, 2010; Clark claims that the appearance violates the automatic stay attendant on his bankruptcy. Second, Clark has instituted eviction proceedings in New York City Housing Court against his tenants for failure to pay rent. Clark asserts that his efforts to remove the tenants from the property have been unfairly thwarted by his tenants and by Housing Court itself.

The complaint names the following as defendants: Mayor Michael Bloomberg, Shaun Donovan (the Secretary of the United States Department of Housing and Urban Development ("HUD")), Justice Jaime A. Rios (the judge presiding over the foreclosure proceedings), Judge Ulysses B. Leverett (the judge in the eviction proceedings), Sharon Adams (a court attorney at the Housing Court), Countrywide, the Department of Home Preservation and Development of the City of New York, Anthony Thompson (one of Clark's tenants), Wendy Haynes (another tenant), Thelma Haynes (also a tenant).

Clark, who is African-American, asserts that "horrendous denials of due process … will result in the continued perpetuation of a longstanding history of institutionalized racial, class and group affiliation" unless I grant the injunctive relief he seeks. Compl. ¶ 51. According to Clark, if defendants' actions are not enjoined, "it will result in plaintiff being forced into

3

foreclosure and relocation, while he is an African-American desiring … to live in his home and [be] afforded a loan modification of his mortgage in a … like manner afforded White citizens similarly situated." *Id.* ¶ 58.

Clark requests declaratory and injunctive relief, and he also seeks damages for violations of the Fourth, Fifth, Thirteenth, and Fourteenth Amendments to the United States Constitution, and of 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. The motion for a preliminary injunction asks me (1) to enjoin the foreclosure proceedings; (2) to prevent "unconstitutional eviction hearings" in Housing Court; (3) to order the eviction of Anthony Thompson, Wendy Haynes, and Thelma Haynes; and (4) to order defendants to post a bond for $20,000. Pl.'s Draft Order to Show Cause, at 1.

## DISCUSSION

A.   *The Motion to Proceed* In Forma Pauperis

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss the case of a litigant proceeding *in forma pauperis* if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted). Indeed, I must "read the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," a *pro se* litigant should be granted leave

4

to amend. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted).

As an initial matter, the complaint fails even to identify any harmful action or inaction by Mayor Bloomberg or HUD Secretary Shaun Donovan. Article III of the Constitution confines the federal courts to adjudicating actual "cases" and "controversies" between the parties. To invoke federal-court jurisdiction, the plaintiff must allege an injury "fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). At oral argument, I asked Clark to specify the actual involvement of Bloomberg or Donovan in the events giving rise to this suit, but Clark was unable to do so. Clark makes vague, conclusory allegations that these defendants were involved in a conspiracy to violate the plaintiff's constitutional rights, but those allegations are insufficient to state a claim for relief. *See Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) (per curiam). Accordingly, the complaint is dismissed as against Bloomberg and Donovan.

Plaintiff's various claims for declaratory and injunctive relief against Countrywide (the plaintiff in the foreclosure action), Justice Rios (the judge in the foreclosure action), the tenants in the eviction action, and Judge Leverett (the judge in the eviction action) all suffer from the same problem: they ask this court to assert jurisdiction over ongoing state proceedings. Under *Younger v. Harris*, 401 U.S. 37, 91 (1971), federal courts must abstain from exercising their jurisdiction where federal review would disrupt state proceedings that: (1) are pending; (2) implicate important state interests; and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *See Hansel v. Town Ct. for Town of Springfield*, 56 F.3d 391, 393 (2d Cir. 1995). In this case, the requirements of *Younger* are more than adequately

5

satisfied. Both sets of state-court proceedings are pending, both concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide Clark with an adequate forum to make the arguments he seeks to raise in this court. Abstention doctrine thus bars Clark's claims to enjoin the foreclosure action and the eviction proceedings.

The bankruptcy laws do provide an exception to abstention doctrines where state-court proceedings violate the automatic stay. *See, e.g., Cont'l Illinois Nat'l Bank & Trust Co. v. Chicago, Rock Island & Pacific Ry. Co.,* 294 U.S. 648, 675 (1935) ("The power to issue an injunction when necessary to prevent the defeat or impairment of its jurisdiction is ... inherent in a court of bankruptcy"). But to the extent that Clark seeks an injunction to prevent the foreclosure action from proceeding in breach of the automatic stay, he is in the wrong federal court: the Bankruptcy Court, not the District Court, possesses original jurisdiction over such a claim.[1] *See Eastern Equip. & Servs. Corp. v. Factory Point Nat'l Bank*, 236 F.3d 117, 131 (2d Cir. 2001) ("a claim [for violation of the automatic stay] *must* be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases.").

The abstention principle enunciated in *Younger v. Harris* does not require dismissal of Clark's claims for damages. The Second Circuit holds that *Younger* does not require a district court to dismiss a damages claim, though a stay may be appropriate. *Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000) ("abstention and dismissal are inappropriate when

---

[1] I note in passing that Clark appears to have misapprehended the status of the foreclosure proceedings. Justice Rios has stayed the action in light of Clark's bankruptcy, and the March 25, 2010 appearance in that action, which seems to have triggered this lawsuit, is merely a status date. *See* Aff. of Hon. Jaime A. Rios, March 23, 2010, Docket #8.

damages are sought, even when a pending state proceeding raises identical issues and we would dismiss otherwise identical claims for declaratory and injunctive relief"). With one exception explained below, however, the damages claims must also be dismissed on other grounds.

Absolute judicial immunity disposes of the claims for damages against Justice Rios and Judge Leverett. The suit against the judges is based on conduct within the jurisdiction of the courts in which they preside, so they possess absolute immunity from a damages suit. *See Pierson v. Ray*, 386 U.S. 547, 553 (1967); *see also* 28 U.S.C. § 1915(e)(2)(B)(iii) (where the plaintiff is proceeding *in forma pauperis*, district court must dismiss an action that seeks "monetary relief against a defendant who is immune from such relief").

The damages claim against Countrywide fails for a different reason. Countrywide is alleged in the complaint to have violated the automatic stay consequent on Clark's bankruptcy. As explained above, the District Court lacks original jurisdiction over that claim. *See Eastern Equip. & Servs. Corp.*, 236 F.3d at 131 (District Court lacks jurisdiction over damages claims for violation of automatic stay). Thus, to the extent that he seeks damages against Countrywide, Clark fails to state a claim upon which relief may be granted.

Clark's complaint also fails to assert any valid claim against his tenants, Anthony Thompson, Wendy Haynes, and Thelma Haynes. Clark makes unspecified allegations that these defendants are participating in a conspiracy against him, but those allegations are insufficient to state a claim against them. *See, e.g., Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (conclusory, vague, or general allegations of conspiracy to deprive the plaintiff of constitutional rights do not suffice to state a claim under the civil rights laws). Leaving those assertions to one side, the complaint alleges only that the tenants failed to pay rent, and that they have asserted

7

defenses in Housing Court to Clark's efforts to evict them. Plainly, that conduct does not provide Clark with a federal cause of action against his tenants.[2] At oral argument, Clark failed to proffer any further allegations against these defendants or any other defendant that would make a difference to the analysis, and I therefore deny leave to amend the complaint as against the defendants dismissed in this Memorandum and Order. *See Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) (leave to amend complaint need not be granted if amendment would be futile).

In one respect, however, I am not prepared to dismiss Clark's action at this stage. The complaint alleges that Sharon Adams, a court attorney in the Housing Court, subjected plaintiff to intentional race-based discrimination in the course of his eviction proceedings. I will address the claim Adams's counsel raised orally on March 24, 2010 – that she is entitled to absolute immunity as an officer of the Housing Court – and any other challenges to the sufficiency of the pleadings on a fully-briefed motion to dismiss the complaint.

B.   *The Motion for a Preliminary Injunction*

The Second Circuit requires a party seeking a preliminary injunction to show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, — F.3d —, No. 08-cv-6090, 2010 WL 786584, at *3 (2d Cir. Mar. 10, 2010) (internal quotation marks omitted).

---

[2] Towards the end of his complaint, Clark also states that his tenants have brought proceedings before the Department of Housing Preservation and Development. Compl. ¶ 49-50. Again, these allegations do not give rise to any federal cause of action and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). To the extent that these allegations or any others in the complaint could conceivably give rise to state-law claims, I decline to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367.

In light of my decision to dismiss the complaint as to all but one of the defendants, the only claim that could warrant a preliminary injunction is the claim against Adams. But injunctive relief against Adams, a court attorney working on pending state-court proceedings, is barred by *Younger v. Harris*. I thus find that Clark has not satisfied the prerequisites for a preliminary injunction.

## CONCLUSION

For the reasons set forth above, the claims against Michael Bloomberg, Shaun Donovan, Justice Jaime A. Rios, Judge Ulysses B. Leverett, Countrywide Home Loans, Inc., the Department of Home Preservation and Development of the City of New York, Anthony Thompson, Wendy Haynes, and Thelma Haynes, are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), and no summons shall issue against these defendants.

The complaint may proceed as against Sharon Adams, and Clark is granted leave to proceed *in forma pauperis* against her. The Court respectfully directs the Clerk of Court to issue a summons to Adams, and directs the United States Marshals Service to serve copies of the Complaint, this Order, and the summons on Adams.

In addition, the motion for a preliminary injunction is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: April 12, 2010
      Brooklyn, New York