| UNITED STATES DISTRICT COURT | ONLINE PUBLICATION ONLY |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

---------------------------------------------------------------x
GERARD CLARK,                              :
                                           :    MEMORANDUM
                 Plaintiff,                 :    AND ORDER
                                            :
                -against-                    :    10-CV-1263 (JG)
                                            :
SHARON ADAMS,                      :
                                            :
                 Defendant.                :
---------------------------------------------------------------x

A P P E A R A N C E S:

        GERARD CLARK
              229-18 Merrick Blvd. #379
              Springfield, NY 11413
              *Plaintiff*, pro se

        ANDREW M. CUOMO
              Attorney General of the State of New York
              120 Broadway
              New York, NY 10271
        By:    Charles F. Sanders
              *Attorney for Defendant*

JOHN GLEESON, United States District Judge:

        Gerard Clark filed this action on March 19, 2010, naming ten defendants. On review of Clark's motion to proceed *in forma pauperis*, I permitted the action to proceed only to the extent that it asserted a claim against one of the defendants, Sharon Adams. Adams now moves to dismiss the complaint, arguing that she is immune from suit and that the dispute is moot. For the reasons stated below, the motion to dismiss is granted.

BACKGROUND

        Clark owns a house in Queens. He instituted eviction proceedings in New York City Civil Court against his tenants after they failed to pay rent. Clark asserts that his efforts to

remove the tenants from the property have been unfairly thwarted by the tenants and by the Civil Court itself.[1] Clark's action for eviction was assigned to Judge Ulysses B. Leverett, presiding justice in the landlord-tenant Resolution Part, within the Housing Part of the Civil Court. Clark alleges that when he appeared in Housing Court on November 30, 2009, he was directed to court attorney Sharon Adams for settlement discussions. The complaint alleges that Adams advised one of Clark's tenants to "challenge plaintiff's eviction warrant on jurisdictional grounds because she was not properly noticed …, as if [Adams] was [the tenant's] attorney." Compl. ¶ 40. "At the same time," Clark asserts that Adams instructed him that "you have two strikes against you; one for being a Black landlord; and the other for being here as a Black Pro-se landlord." *Id.* On the basis of these allegations, Clark alleges that Adams violated his Fourteenth Amendment right to equal protection of the laws.

On March 19, 2010, Clark filed a complaint against numerous defendants. On April 12, 2010, I dismissed the claims against all of the named defendants except for Adams, and denied Clark's motion for a preliminary injunction. *Clark v. Bloomberg*, No. 10-CV-1263 (JG), 2010 WL 1438803, at *3-4 (E.D.N.Y. Apr. 12, 2010). Since then, Clark has prevailed in Housing Court and has obtained an order of eviction against the tenants.

## DISCUSSION

A.   *The Standard for Rule 12(b)(6) Motions*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal sufficiency of a complaint. *See, e.g., Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is

---

[1]   In addition, the house is the subject of state-court foreclosure proceedings. The complaint also alleged procedural improprieties in those proceedings.

entitled to offer evidence to support the claims." (internal quotation marks omitted)). Accordingly, I must accept the factual allegations in the complaint as true, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam), and "draw all reasonable inferences in favor of the plaintiff." *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

In reviewing the complaint, I am mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S at 94 (internal quotation marks omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," I must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

B.  *The Defendant's Contention that the Action is Moot*

Adams argues that the action is moot because Clark has succeeded in evicting his tenants. This contention implicates a constitutional limit on the court's jurisdiction. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (Article III's "case-or-controversy requirement subsists through all stages of federal judicial proceedings. … [I]t is not enough that a dispute was very much alive when suit was filed."). Consequently, I am required to consider the mootness argument before proceeding to rule on the merits of the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-101 (1998) (federal courts must consider Article III jurisdiction as a threshold question before deciding whether the plaintiff has stated a cause of action).

Though the complaint's request for prospective injunctive relief is now academic, Clark might be able to establish that he suffered an economic injury, traceable to Adams's

3

alleged conduct, from a delay in evicting the tenants. Accordingly, I am not prepared to dismiss the action as moot.

C.     *The Defendant's Claim of Absolute Immunity*

On the merits, Adams claims that she is absolutely immune from this suit as a result of her role in the judicial process. "It is well-settled that judges have absolute immunity from suit for judicial acts performed in their judicial capacities." *Mireles v. Waco*, 502 U.S. 9, 11 (1992). Absolute immunity cannot be "overcome by allegations of bad faith or malice." *Id.* On that basis, I have already dismissed Clark's complaint to the extent that it asserted a claim against Judge Leverett. Adams is not a judge, but she is a court attorney. The issue on this motion is whether she is entitled to the same broad immunity from suit as the judge for whom she worked.

The Second Circuit has counseled that "[t]he concern for the integrity of the judicial process underlying the absolute immunity of judges also is reflected in the extension of absolute immunity to certain others who perform functions closely associated with the judicial process." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988) (internal quotation marks omitted). To determine whether a particular defendant is entitled to such immunity, the courts follow a "functional approach under which absolute immunity flows not from rank or title or location within the Government, but from the nature of the responsibilities of the individual official." *Id.* (internal quotation marks omitted). Courts have therefore granted absolute immunity to court clerks "where they were performing discretionary acts of a judicial nature." *Id.*; *see also Gollomp v. Spitzer*, 568 F.3d 355, 365 (2d Cir. 2009) (holding that a defendant, a law clerk to a state-court judge, was acting in a "judicial capacity" and therefore was entitled to absolute immunity).

4

Applying that analysis to this case, I conclude that Adams is immune from Clark's suit.[2] Adams was a court attorney assigned to Judge Leverett in a Resolution Part of the city's Civil Court. A Resolution Part is "a courtroom where the landlord and tenant can discuss their differences before a Judge or Court Attorney to see if an agreement can be reached to settle a dispute." Adams Aff., Ex. A. The procedure in the Resolution Part is for the parties to meet either with the judge or with a court attorney to discuss the case. In accordance with that procedure, Judge Leverett tasked Adams with facilitating a settlement of the dispute between Clark and his tenants. Unlike court employees who perform a merely ministerial role, Adams sought actively to facilitate settlement and discussed the results of the conferences with the judge. Her duties as settlement facilitator were "intimately connected with the judge's own exercise of the judicial function." *Oliva*, 839 F.2d at 40. In carrying out her role as a court attorney, Adams was performing acts of a judicial nature, and she is therefore entitled to absolute immunity from Clark's suit.

CONCLUSION

For the reasons stated above, the motion to dismiss is granted. Pursuant to this order and my April 12, 2010 order dismissing the claims against the other defendants, the Clerk of Court is respectfully directed to enter judgment in favor of the defendants and to close the case.

So ordered.

John Gleeson, U.S.D.J.

Dated: August 8, 2010
Brooklyn, New York

---

[2] Clark admitted as much at oral argument.

5